## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **The WellBoss Company, LLC,** § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | **Civil Action No. 4:26-cv-821** |
| § | | |
| **Lonestar Completion Tools, LLC,** § | | |
| **Michael J. Harris, and** § | | |
| **Kenneth J. Anton,** § | | |
| *Defendants*. § | | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, The WellBoss Company, LLC ("Plaintiff" or "WellBoss"), and files this Complaint against Lonestar Completion Tools, LLC ("Lonestar"), Michael J. Harris ("Harris"), and Kenneth J. Anton ("Anton") (collectively, "Defendants"). For good cause and in support of same, Plaintiff alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, Title 35 of the United States Code. WellBoss asserts that Defendants infringe U.S. Patent No. 11,634,965 (the "Asserted Patent"). As other patent applications remain pending, upon issuance, there may be one (1) or more additionally asserted patents.

2. WellBoss seeks damages, enhanced damages, prejudgment interest, attorneys' fees, injunctive relief, and all other relief.

3. WellBoss also seeks declaratory relief confirming the infringement, validity, and enforceability of the Asserted Patent.

4.  WellBoss further asserts claims for federal unfair competition, Texas unfair competition, and tortious interference arising from Defendants' wrongful conduct in the marketplace.

## PARTIES

5.  WellBoss is a limited liability company organized and existing under the laws of the state of Texas, having its corporate offices and principal place of business at 12450 Cutten Rd., Houston, TX 77066.

6.  Lonestar is a limited liability company organized and existing under the laws of the state of Texas, having an advertised corporate office and principal place of business at 21260 Spell Circle, Tomball, TX 77375. Lonestar also indicates a place of business at 2788 FM 332, Brenham, TX 77833.

7.  Lonestar may be served in care of its registered agent, Michael Harris. Lonestar's records filed with the state of Texas state that is registered agent's address is 17407 Raven Canyon Lane, Houston, TX 77095.

8.  Harris is a founder and director of Lonestar and resides in this District.

9.  Anton is a founder and director of Lonestar and resides in this District.

## JURISDICTION AND VENUE

10. Wellboss brings claims for patent infringement under the patent laws of the United States, 35 U.S.C. § 271.

11. This Court has federal-question subject-matter jurisdiction over WellBoss's patent infringement claims arising under the patent laws of the United States pursuant to 28 U.S.C. §§ 1331 (federal question), 1338 (patents), and 1367 (supplemental jurisdiction).

12. This Court has at least general or specific personal jurisdiction over Defendants. Lonestar is a legal entity formed under the laws of the State of Texas and maintains an office within this

District. Harris and Anton reside within this District. Defendants regularly do or solicit business, engage in other persistent courses of conduct, or derive substantial revenue from goods and services provided in Texas and in this District. Defendants have committed acts within the state of Texas, including the making, using, selling, offering for sale, and/or importing of downhole tools (frac plugs) in this District that constitute infringement of the Asserted Patent or are at issue in this case to determine whether alleged infringement of the Asserted Patent exists.

13. On information and belief, Lonestar, directly and/or through subsidiaries or intermediaries (including distributors, retailers, and others), as well as Harris and Anton, have purposefully and voluntarily placed one or more products and/or services in the stream of commerce that practice the Asserted Patent with the intention and expectation that they will be and are purchased by consumers in the Southern District of Texas and/or and used by consumers in the Southern District of Texas. These products and/or services have been and continue to be purchased and used by exploration and production companies in the Southern District of Texas.

14. Defendants are subject to personal jurisdiction because they reside in this District, conduct business in this District, and have committed acts of infringement in this District.

15. Venue is proper in this District under 28 USC §§ 1391 and 1400(b) for Defendants. Lonestar is an entity formed under the laws of the state of Texas. Defendants have an established place of business or a residence in this District. Defendants have committed acts within this District.

16. Upon information and belief, the products accused of infringement in this case are manufactured by or on behalf of one or more Defendants.

## FACTUAL BACKGROUND

17.     WellBoss is a renowned, leading provider in the United States and internationally of downhole tools used for oil and gas hydraulic fracturing operations, namely, "frac plugs." WellBoss provides some of the most reliable frac plugs in the industry.

18.     Hydraulic fracturing, or "fracking," is a method for extracting oil and gas from primarily impermeable rock formations, such as shale.  Fracking is different than conventional drilling because its uses explosives ("perforations") and "fracking fluid" (water, sand, and chemicals) to create and hold open fractures within the shale to allow the oil and gas to permeate and be extracted.

19.     In 2010, WellBoss brought to market the highly regarded "Boss Hog" frac plug (and close variants), reputed for unsurpassed efficiency and reliability.  Since that time, WellBoss has introduced other plugs into the market, each for its own purpose, but typically all sharing one (1) or more traits of having less parts than competitor plugs, shorter in length (and thus less material costs and faster to drill or remove), requiring less water usage, easier to handle, and produce significantly fewer cuttings during drillout.

20.     Recently, WellBoss surpassed the milestone of running its one millionth frac plug, an indication of not only its reputation, but sustained excellence in the industry.

21.     Over time, WellBoss has invested millions of dollars into its technology and intellectual property.  WellBoss has applied for and obtained many patents to protect its technologies – and its research and development investment – from improper use and exploitation by competitors.  To date, WellBoss has approximately three hundred (300) patent assets (filed, pending, issued) worldwide as part of its robust patent portfolio.  WellBoss complies with virtual marking provisions of 35 U.S.C. § 287, and with very little exception, WellBoss marks its plug product

packaging with an easily readable word 'Pat.(s).' followed by a URL: https://thewellboss.com/patents (the "Website").

22. An example of WellBoss product packaging marking is shown immediately below:



23. On information and belief, Defendants have purchased, reviewed, or otherwise had access to WellBoss's products and packaging bearing this marking.

24. On information and belief, Lonestar is a "downhole tool" company that sell a range of downhole tools – including frac plugs – as well as downhole services. On information and belief, Lonestar sells or uses its downhole tools and services at least in the states of Texas and North Dakota.

25. As such, Lonestar is a direct competitor of WellBoss for downhole tools –specifically the frac plug industry – within at least the United States.

26. On information and belief, Lonestar sell a number of different frac plugs, including what it calls the "ONEPlug," which is sometimes referred to as "ONEPlug Ultralite", "Ultralite", or just 'composite frac plug', wherein collectively the foregoing is referred to as "Infringing Plug."

27. Lonestar advertises the Infringing Plug as 'patent pending':

**ONEplug Frac Plug**

**ONEplug™ Patent Pending**
**FRAC PLUG**
- Reliable deployment
- Efficient drill-up
- 100% zonal isolation in ONE package
- The first and only composite frac plug manufactured from ONE continuous piece of material

28. On information and belief, Lonestar advertises the Infringing Plug as "patent pending," even though the only publicly known patent application is the 715 Patent, and no publicly available pending application appears to cover the accused features.

29. On information and belief, U.S. Patent No. 11,434,715[1] (the "715 Patent," *see* Exhibit C) is a relevant patent related to the Infringing Plug, with an example comparison of the Infringing Plug and Figure 18 of the 715 Patent shown as follows:

---

[1] Defendant Lonestar listed as the sole assignee owner



FIG. 18

30. On information and belief, Defendants make, use, sell, offer for sale, and/or import the Infringing Plug in the United States. *See* Exhibit A.

31. On information and belief, at least the Infringing Plug infringes the Asserted Patent.

32. On information and belief, Lonestar markets the Infringing Plug as proprietary, unique, and innovative, even though its design incorporates features covered by the Asserted Patent.

33. On information and belief, Lonestar sells the Infringing Plug to customers in Texas, North Dakota, and other states.

34. On information and belief, Harris and Anton personally participated in the design, development, marketing, and/or sale of the Infringing Plug.

35. On information and belief, Defendants targeted WellBoss customers and prospective customers with the Infringing Plug.

36. On information and belief, Defendants made misleading statements to customers regarding the Infringing Plug's patent status, originality, and performance.

37. On information and belief, Defendants' conduct diverted sales from WellBoss and caused price erosion, lost market share, and harm to goodwill.

38. On April 25, 2023, the Asserted Patent was duly and legally issued for an invention titled "Downhole Tool and Method of Use." A true and correct copy of the Asserted Patent is attached hereto as Exhibit B. The Asserted Patent claims two priority dates of October 16, 2019 and June 5, 2020, each of which precede the August 1, 2020 effective filing date of the 715 Patent.

39. WellBoss is the owner by way of assignment of the entire right, title, and interest in and to the Asserted Patent, including the sole right to enforce the Asserted Patent. At all times relevant to this Complaint, WellBoss has complied with all applicable patent marking requirements.

40. On information and belief, Defendants have directly infringed – literally and/or under the doctrine of equivalents – at least claim 1 of the Asserted Patent by making, using, selling, offering to sell, or importing into the United States one (1) or more downhole tools covered by the asserted claims in violation of 35 U.S.C. § 271(a), including, but not limited to, the Infringing Plug.

41. Claim 1 of the Asserted Patent is as follows:

> **A downhole tool** for use in a wellbore, the downhole tool comprising:
> **a double cone** comprising: a distal end; a proximate end; an outer surface; an inner flowbore disposed in the double cone, and extending therethrough from the proximate end to the distal end; and a ball seat formed within the inner flowbore;
> **a carrier ring** slidingly engaged with the proximate end, the carrier ring further comprising an annular outer seal element groove;
> **a slip** engaged with the distal end; and
> **a guide assembly** proximate the slip,
> wherein the outer surface comprises a first angled surface and a second angled surface, wherein a seal element is disposed in the annular outer seal element groove, wherein the first angled surface comprises a first plane that in cross section bisects a longitudinal axis a first angle, wherein the second angled surface comprises a second plane that in cross section bisects the longitudinal axis at a second angle negative to that of the first angle,

wherein in a set configuration, the carrier ring comprises an underside surface entirely in contact with the outer surface, and a ball is engaged against the ball seat.

**The Infringing Plug**

42. The Infringing Plug is a downhole tool that has the primary elements of a double cone, a carrier ring, a slip, and a guide assembly.

43. Specifically, and with reference to the 715 Patent, the Infringing Plug has a double cone comprising: a distal end; a proximate end; an outer surface; an inner flowbore disposed in the double cone, and extending therethrough from the proximate end to the distal end; and a ball seat formed within the inner flowbore.



FIG. 18

44. The Infringing Plug has a carrier ring slidingly engaged with the proximate end, the carrier ring further comprising an annular outer seal element groove.



FIG. 18

45. The Infringing Plug has a slip engaged with the distal end; and a guide assembly proximate the slip.



FIG. 18

46. The Infringing Plug has the outer surface with a first angled surface and a second angled surface.



FIG. 18

47. The Infringing Plug has a seal element disposed in the annular outer seal element groove.



FIG. 18

48. The Infringing Plug has the first angled surface that includes a first plane that in cross section bisects a longitudinal axis a first angle, wherein the second angled surface comprises a second plane that in cross section bisects the longitudinal axis at a second angle negative to that of the first angle.



FIG. 18

49.     A person having ordinary skill in the art would understand that an 'angle' can have any reference to any respective point of origin. In the sense of 'positive' and 'negative,' this may be understood as a clockwise and counterclockwise in respective rotation – it is but one way of describing the 'double cone' surface of the Infringing Plug.

50.     The Infringing Plug has a set configuration (such as in a wellbore), where the carrier ring comprises an underside surface entirely in contact with the outer surface, and a ball is engaged against the ball seat.



FIG. 19D

51. Defendants, at the very least, had constructive notice and knowledge of the Asserted Patent since at least the time the Website was edited to include the number of the Asserted Patent.

52. Defendants have had actual notice and knowledge of their infringing conduct and products from at least the time of receipt or knowledge of the contents of WellBoss's Notice of Infringement (sent via e-mail and certified mail January 5, 2026), and certainly from the filing and receipt of this Complaint.

53. Upon information and belief, Defendants' affirmative acts of making, using, selling, offering for sale, or importing the Infringing Plug have induced and continued to induce the direct infringement of the Asserted Patent under 35 U.S.C. § 271(b) by a number of direct infringers, including, but not limited to, customers, users, distributors, affiliates, employees, and/or service providers. Defendants performed the inducing acts with knowledge of the Asserted Patent and with the intent, knowledge, or willful blindness to the probability that the induced acts would constitute infringement.

54. Upon information and belief, Defendants have contributed to and continue to contribute to the infringement of the Asserted Patent under 35 U.S.C. § 271(b) by making, using, selling, offering for sale, or importing the Infringing Plug with knowledge that the Infringing Plug was and is especially manufactured or adapted for use in infringing the Asserted Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing uses. Defendants performed contributing acts with knowledge of the Asserted Patent and with the intent, knowledge, or willful blindness to the probability that the induced acts would constitute infringement.

55. The Infringing Plug has no substantial non-infringing uses because its only intended and actual use is as a frac plug that practices the claimed double-cone and carrier-ring configuration.

56. Defendants are aware that they do not have a license to practice the claims of the Asserted

Patent. Defendants are aware that, by continuing to improperly use WellBoss technology without a license, their conduct constitutes infringement of the Asserted Patent. Defendants' continued infringement is and has been willful and deliberate.

57. Defendants' past and continuing infringement of the Asserted Patent has caused harm to WellBoss, and WellBoss is entitled to recover damages from Defendants, in an amount not less than a reasonable royalty. In addition, such damages should be enhanced under 35 U.S.C. § 284 based on Defendants' willful conduct.

58. Defendants should also be permanently enjoined from practicing the claims in the Asserted Patent. On information and belief, at least one (1) of Defendants is a direct competitor of WellBoss and their Infringing Plug competes directly with WellBoss products sold for oil and gas hydraulic fracturing operations throughout the United States. Defendants' infringement and conduct has caused, and likely will cause, irreparable harm to WellBoss requiring a permanent injunction, including, but not limited to, loss in value of WellBoss patented technology, lost market share, price erosion, harm to WellBoss reputation and business goodwill in the fracking industry, and lost market opportunities and business relationships.

### COUNT I – PATENT INFRINGEMENT (35 U.S.C. § 271)

59. WellBoss repeats and realleges each and every allegation contained in any paragraph(s) of this Complaint and its exhibits as if fully set forth herein.

60. WellBoss is the owner of all rights, title, and interest in the Asserted Patent, including the exclusive right to enforce it. The Asserted Patent is valid, enforceable, and was duly issued by the United States Patent and Trademark Office on April 25, 2023.

61. Defendants have directly infringed, and continue to directly infringe, at least claim 1 of the Asserted Patent under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, and/or

importing the Infringing Plug in the United States without authorization. The Infringing Plug includes each and every limitation of at least claim 1 of the Asserted Patent, either literally or under the doctrine of equivalents.

62. Defendants have indirectly infringed the Asserted Patent under 35 U.S.C. § 271(b) by actively inducing others – including customers, users, distributors, affiliates, employees, and service providers – to make, use, sell, offer to sell, and/or import the Infringing Plug. Defendants performed these acts with knowledge of the Asserted Patent and with the intent, knowledge, or willful blindness that the induced acts constituted infringement.

63. Defendants have contributorily infringed the Asserted Patent under 35 U.S.C. § 271(c) by offering to sell and selling the Infringing Plug, which is especially made or adapted for use in infringing the Asserted Patent and is not a staple article of commerce suitable for substantial non-infringing use. The Infringing Plug has no substantial non-infringing uses because its only intended and actual use is as a frac plug practicing the claimed double-cone and carrier-ring configuration.

64. Defendants' infringement has been willful and deliberate. Defendants had constructive notice of the Asserted Patent through WellBoss's virtual marking and had actual notice no later than January 5, 2026, when WellBoss provided written notice of infringement. Defendants nevertheless continued their infringing activities.

65. As a direct and proximate result of Defendants' infringement, WellBoss has suffered and will continue to suffer damages, including at least a reasonable royalty. WellBoss is entitled to enhanced damages under 35 U.S.C. § 284 and to injunctive relief to prevent further irreparable harm.

### COUNT II – DECLARATORY JUDGMENT OF INFRINGEMENT, VALIDITY, AND ENFORCEABILITY (28 U.S.C. §§ 2201–2202)

66. WellBoss repeats and realleges each and every allegation contained in any paragraph(s) of this Complaint and its exhibits as if fully set forth herein.

67. An actual, substantial, and immediate controversy exists between WellBoss and Defendants concerning the infringement, validity, and enforceability of the Asserted Patent. Defendants have made, used, sold, offered to sell, and imported the Infringing Plug in the United States, and continue to do so, despite WellBoss's notice of infringement.

68. Defendants' conduct creates a real and immediate dispute regarding WellBoss's rights under the Asserted Patent. A judicial declaration will resolve this controversy and clarify the parties' legal relations.

69. Accordingly, WellBoss seeks a declaratory judgment that: (a) Defendants infringe one or more claims of the Asserted Patent; (b) the Asserted Patent is valid under 35 U.S.C. §§ 101–103 and 112; and (c) the Asserted Patent is enforceable.

### COUNT III – FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

70. WellBoss repeats and realleges each and every allegation contained in any paragraph(s) of this Complaint and its exhibits as if fully set forth herein.

71. Defendants have made false or misleading statements in interstate commerce concerning the nature, characteristics, and qualities of the Infringing Plug, including, but not limited to, representing the product as "patent pending," "proprietary," "unique," or "innovative," even though the accused features are derived from WellBoss technology and are covered by the Asserted Patent. On information and belief, no publicly available pending patent application covers the accused features.

72. Defendants' statements are false, misleading, and likely to deceive customers in the

frac-plug market. These misrepresentations are material because customers rely on representations regarding innovation, intellectual-property protection, and product performance when selecting frac plugs.

73. Defendants' conduct has caused and is likely to continue causing competitive injury to WellBoss, including lost sales, lost market share, price erosion, and harm to goodwill. WellBoss is entitled to damages, disgorgement, injunctive relief, and all other remedies available under 15 U.S.C. § 1125(a).

## COUNT IV – TEXAS COMMON-LAW UNFAIR COMPETITION
## (MISAPPROPRIATION)

74. WellBoss repeats and realleges each and every allegation contained in any paragraph(s) of this Complaint and its exhibits as if fully set forth herein.

75. WellBoss invested substantial time, labor, skill, and money in developing its patented downhole tool technology and commercial frac-plug products. Defendants misappropriated WellBoss's work by using WellBoss's patented technology and design concepts without authorization to develop, market, and sell the Infringing Plug.

76. Defendants' conduct enabled them to avoid the expense, risk, and effort of independent development and allowed them to unfairly compete with WellBoss in the frac-plug market. Defendants' actions constitute unfair competition under Texas common law.

77. As a direct and proximate result of Defendants' conduct, WellBoss has suffered damages and is entitled to all available remedies, including injunctive relief.

## COUNT V – TORTIOUS INTERFERENCE WITH EXISTING AND PROSPECTIVE
## BUSINESS RELATIONS

78. WellBoss repeats and realleges each and every allegation contained in any paragraph(s) of this Complaint and its exhibits as if fully set forth herein.

79. WellBoss has longstanding business relationships and ongoing sales with numerous exploration and production companies, pressure-pumping companies, and other customers in the oil-and-gas industry. WellBoss also has a reasonable probability of entering into future business relationships with additional customers in the same market.

80. Defendants knew of these relationships and opportunities through their participation in the same market, their knowledge of WellBoss's customer base, and their direct competition with WellBoss. Defendants intentionally and improperly interfered with these relationships by marketing and selling the Infringing Plug to WellBoss customers, making false or misleading statements about the Infringing Plug's patent status and originality, and using infringing technology to divert business opportunities.

81. Defendants' interference was independently tortious because it was based on patent infringement and unfair competition. As a direct and proximate result of Defendants' conduct, WellBoss suffered damages, including lost sales, lost opportunities, and harm to goodwill. WellBoss is entitled to recover all damages and obtain injunctive relief.

## DEMAND FOR JURY TRIAL

82. WellBoss demands a trial by jury for all issues so triable under Fed. R. Civ. P. 38(b).

## PRAYER FOR RELIEF

WHEREFORE, WellBoss prays for judgment and seeks relief against Defendants as follows:

   a. a judgment that Defendants have directly and indirectly infringed the Asserted Patent and that such infringement has been willful;

   b. a declaratory judgment that the Asserted Patent is infringed, valid, and enforceable;

   c. for an accounting and award of all damages sustained by WellBoss because of

Defendants' infringement, and not less than a reasonable royalty under 35 U.S.C. § 284, consequential damages, and all other monetary relief permitted by law;

d. an award of enhanced damages under 35 U.S.C. § 284 and exemplary or treble damages as permitted under federal and Texas law;

e. a preliminary and permanent injunction prohibiting Defendants from further infringement and unfair competition, or, in the alternative, an ongoing royalty for future infringement;

f. an award of attorneys' fees and costs under 35 U.S.C. § 285, 15 U.S.C. § 1117, and other applicable law;

g. all damages together with pre-judgment and post-judgment interest; and

h. all other and further relief as the Court may deem just and proper.

Respectfully submitted,

KEARNEY, MCWILLIAMS & DAVIS

Dated: February 3, 2026

*/s/ Erik J. Osterrieder*
Erik J. Osterrieder
SBN: 24013276
ejo@kmd.law
Bradley A. Nevills, *attorney-in-charge*
SBN: 24083561
bnevills@kmd.law
Stacey L. Barnes
SBN: 24006800
sbarnes@kmd.law
Aaron J. Maher
SBN: 24134372
amaher@kmd.law
55 Waugh Drive, Suite 150
Houston, TX 77007
Tel: (713) 936-9620, ext. 116
Fax: (281) 206-0481
***Attorneys for Plaintiff The WellBoss Company, LLC***